# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JASON DENNIS BRALEY, ) | |
| ) | **ORDER,** |
| Petitioner, *pro se*, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:11CV156 |
| ) | 1:09CR240-2 |
| Respondent. ) | |

Petitioner Jason Dennis Braley, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 174).[1] Petitioner was indicted on, and later pled guilty to, one count of conspiracy to possess stolen firearms in violation of 18 U.S.C. § 371, one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (docket nos. 1, 62, 74). He was sentenced to a total of 112-months imprisonment (docket no. 106). Petitioner did not pursue a direct appeal, but has filed his current motion under 2255. In that motion, he raises a single claim for relief alleging that his attorney provided him with ineffective assistance of counsel by not arguing under 18 U.S.C. § 3553(a)(4)(A)(I) that a proposed amendment to the United States Sentencing Guidelines should be applied at his sentencing to reduce his criminal history by removing "recency points." The proposed Guidelines

---

[1] This and all further cites to the record are to the criminal case.

Amendment was submitted to Congress by the United States Sentencing Commission on the same day Petitioner was sentenced (docket no. 188 at 4-5). Respondent has filed a response (docket no.188), Petitioner has filed a reply (docket no. 190), and Petitioner's motion is now ready for decision.[2]

## DISCUSSION

As noted, Petitioner contends that his attorney provided ineffective assistance of counsel by failing to make a viable sentencing argument. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

---

[2] There is also one additional motion pending in the case. Respondent earlier sought an extension of its time to file its response (docket no. 185). That motion is **GRANTED,** and its response will be considered timely filed.

Here, Petitioner cannot show either deficient performance or prejudice because his attorney had no valid argument to raise. The statutory subsection cited by Petitioner provides that a sentencing court shall consider the applicable offense category from the Guidelines "subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28"). 18 U.S.C. § 3553(a)(4)(A)(i). Here, the sentencing commission had proposed the amendment that Petitioner says should have been applied and, on the same day Petitioner was sentenced, had submitted the proposed amendment to Congress for review. Nevertheless, there is no allegation that Congress had acted on the proposed amendment either to accept it, reject it, or modify it at the time of Petitioner's sentencing. Subsection (a)(4)(A)(i), by its very clear terms, applies only where there has been an "act of Congress" to amend the Guidelines. No "act of Congress" amending the Guidelines occurred prior to Petitioner's sentencing. Accordingly, subsection (a)(4)(A)(i) did not apply at Petitioner's sentencing and there was no viable argument for defense counsel to raise. Counsel did not provide substandard representation or prejudice Petitioner by not making an argument under an inapplicable sentencing statute. Petitioner's 2255 motion should be denied.

**IT IS THEREFORE ORDERED** that Respondent's second motion for an extension of time (docket no. 185) is **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 174) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
August 22, 2011