IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JASON DENNIS BRALEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV156 |
| v. ) | 1:09CR240-2 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Jason Dennis Braley, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #174]. On October 7, 2009, Petitioner was convicted of one count of conspiracy to possess stolen firearms in violation of 18 U.S.C. § 371(Count One), one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Eleven), and one count of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and (2) (Count Thirteen). He was sentenced to concurrent sentences of 64 months of imprisonment on the felon in possession and stolen firearm convictions (Counts Eleven and Thirteen) and a consecutive 48 months of imprisonment on the conspiracy conviction (Count One), to be followed by three years of supervised release. Petitioner later filed the present Motion [Doc. #174].

Petitioner's original Motion raised a single claim alleging that his attorney was ineffective at sentencing for failing to argue that a proposed amendment to the United States Sentencing Guidelines regarding "recency points" under Guideline 4A1.1 should have been applied to

Petitioner. That claim was briefed and an Order, Memorandum Opinion and Recommendation [Doc. #191] was entered, recommending that the Motion be denied. However, before further action was taken on that Recommendation, Petitioner filed two Motions [Doc. #199, #200] to amend his § 2255 Motion to seek relief under the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), on the theory that his conviction in Count Eleven under 18 U.S.C. § 922(g)(1) is invalid, because the prior North Carolina state convictions listed in the indictment were not punishable by more than one year of imprisonment in light of Simmons. In the Motion to Amend, Petitioner noted that the amendment based on Simmons "of course would moot all my other claims."

The Government was ordered to respond to the Motions to Amend. The Government initially filed a Supplemental Response [Doc. #225], contending that proposed amendments were time-barred and that the amendments should not be allowed. The Government subsequently filed a Second Supplemental Response [Doc. #252], conceding, based on Simmons, that the prior North Carolina convictions alleged in Count Eleven would not qualify as predicate felony convictions in light of Simmons because, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for those prior convictions. Based on this determination, the Government concedes that the amendments should be allowed, that relief should be granted, and that the Court should "vacate Braley's conviction and sentence for the firearm by felon charge in Count Eleven."

2

Case 1:09-cr-00240-TDS   Document 281   Filed 03/07/13   Page 2 of 5

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] The parties thus agree that pursuant to the § 2255 Motion, as amended, Petitioner's conviction and sentence under § 922(g)(1) (Count Eleven) should be vacated.[2] The Court has reviewed the state court judgments reflecting Petitioner's prior convictions that were used as the predicate offenses in Count Eleven in the indictment, and the Court notes that Petitioner's prior convictions were a Class I felony with a prior record level of II and a Class H felony with a prior record level of III, sentenced

---

[1] The Court construes this as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who would not have the requisite prior felony conviction in light of Simmons. See United States v. Hampton, 1:08CR231-3 (M.D.N.C. Aug. 23, 2012) (vacating conviction and dismissing supervised release revocation hearing based on Government's concession in light of Simmons); United States v. Sheets, 1:08CR418-1 (M.D.N.C. Aug. 8, 2012) (vacating conviction on § 2255 Motion based on the Government's concession in light of Simmons); United States v. Cherry, 1:10CR271-1 (M.D.N.C. Aug. 1, 2012) (recommending that a § 922(g)(1) conviction be vacated on a § 2255 Motion rasing a Simmons claim, based on a concession by the Government that "the claim raised in this ground is cognizable under 28 U.S.C. § 2255"). In taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to those defendants who were convicted under 18 U.S.C. § 922(g)(1) but who would not have a prior felony conviction in light of Simmons. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

within the presumptive range. The maximum sentences he faced for those offenses under North Carolina law, as analyzed in Simmons, were less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted and that his conviction and sentence be vacated as to Count Eleven.

With respect to Counts One and Thirteen, the parties agree that Petitioner's underlying convictions on Counts One and Thirteen are not affected by Simmons. In its Second Supplemental Response, the Government "requests that Braley's convictions for conspiracy to possess stolen firearms and possession of a stolen firearm be left undisturbed." In his Reply to the Government's Second Supplemental Response, Petitioner does not dispute that the convictions themselves would be "undisturbed," but nevertheless argues that his overall sentence in this case was determined based on Count Eleven. Because Petitioner contends that the conviction and sentence on Count Eleven directly affected the entire sentence in this case, Petitioner requests that the entire sentence be vacated and that the matter be set for resentencing as to Counts One and Thirteen. The Government has not filed any further position statement on this request.

Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Having considered the issue in the present case, the Court

concludes that it would be appropriate to set this case for resentencing to resolve any remaining sentencing issues resulting from the relief recommended as to Count Eleven. A resentencing proceeding in this case would allow for these sentencing issues to be fully addressed by the parties and the United States Probation Office prior to further determination by the Court. Therefore, the Court will recommend that this matter be set for resentencing as to Counts One and Thirteen.[3]

IT IS THEREFORE ORDERED that Petitioner's Motions to Amend [Doc. #199, #200] his 28 U.S.C. § 2255 Motion to add his Simmons claims are GRANTED.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #174], as amended, be GRANTED as to Petitioner's claim under United States v. Simmons, that the Judgment [Doc. #106] be VACATED, that Count Eleven of the Indictment [Doc. #1] be DISMISSED, and that this matter be set for resentencing as to Counts One and Thirteen.

This, the 7th day of March, 2013.

/s/   Joi Elizabeth Peake
United States Magistrate Judge

---

[3] In light of this Recommendation, the claim in Petitioner's original § 2255 Motion, as well as the prior Order, Memorandum and Recommendation, are moot.